
DA 09-0675

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 102N

RICHARD GOLD,

       Plaintiff and Appellant,

  v.

THE STATE OF MONTANA, THE MONTANA
LEGISLATURE, and BRIAN SCHWEITZER,
the Montana Governor,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2009-320
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Richard Gold (Self-Represented), Missoula, Montana

      For Appellee:

          Norman Clyde Peterson, Tammy A. Hinderman, Assistant Attorneys
General, Agency Legal Services Bureau, Helena, Montana

               Submitted on Briefs:  April 14, 2010

                         Decided:  May 4, 2010

Filed:

          _____
                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January 2003, Richard Gold, representing himself, filed an action in the Fourth Judicial District Court, Missoula County, against the City of Missoula, Missoula County, the Missoula County Sheriff, and Iron Horse Towing. The case arose out of the impoundment of Gold's 1981 Honda Accord, which Gold had parked at the intersection of Railroad and Owen Streets in the City of Missoula, without moving it, for approximately three weeks. Evidently, Gold's vehicle was sold at a sheriff's sale and personal property within the vehicle was not returned. The District Court ultimately granted summary judgment in favor of the defendants on all of Gold's claims except his "eminent domain" claim associated with his personal property and his claim of mental and emotional distress. *See Gold v. City of Missoula*, DV-03-46, 2004 Mont. Dist. LEXIS 2246 (Oct. 15, 2004); *Gold v. City of Missoula*, DV-03-46, 2006 Mont. Dist. LEXIS 318 (May 4, 2006).

¶3 Meanwhile, Gold filed a motion for appointment of counsel under the Montana Public Defender Act (Title 47, chapter 1, MCA). The District Court denied this motion on the ground that § 47-1-104(4), MCA, does not provide for the assignment of counsel

2

at public expense to represent an indigent plaintiff in a civil action for damages based on injury to or loss of property. This Court denied Gold's petition for writ of supervisory control. *See Gold v. Fourth Judicial Dist. Court*, OP 08-0544, 2008 Mont. LEXIS 711 (Dec. 2, 2008).

¶4 Gold then commenced the present action in March 2009, naming the State of Montana, the Montana Legislature, and Governor Brian Schweitzer as defendants. He alleged that due to his inability to afford counsel, he was at an "unequal disadvantage" in pursuing his underlying civil suit against Missoula City and Missoula County. He further alleged that the limitations in § 47-1-104(4), MCA, on the assignment of counsel in civil actions were "artificial," and he argued that the defendants' failure to provide him with the aid of competent counsel in the underlying suit violated various provisions of the Montana Constitution. Gold requested a declaration that his rights had been violated; an order requiring the State immediately to appoint him counsel in his underlying civil suit; and compensatory damages, fees, and punitive damages.

¶5 The District Court denied Gold's motion for summary judgment, granted the defendants' cross-motion for summary judgment, and dismissed Gold's complaint. The court concluded that, under the facts alleged, the Montana Legislature and Governor Schweitzer were entitled to immunity under §§ 2-9-111 and -113, MCA. As for the State of Montana, the court ruled, based on our December 2, 2008 order denying Gold's petition for writ of supervisory control, that Gold must bring his constitutional claims within the context of a direct appeal in Cause No. DV-03-46 (the underlying civil suit), not in this separate action. Gold, still representing himself, now appeals.

3

¶6 As an initial matter, Gold challenges the District Court's conclusion that he must pursue his claims against the State within the context of a direct appeal in his underlying civil action. He points out that he did not sue the State in that civil action. The State, however, suggests that Gold's claim against the State is in reality a constitutional challenge directed at the failure of § 47-1-104(4), MCA, to provide for the assignment of counsel for indigent plaintiffs pursuing civil rights claims. As such, the State contends that he may pursue this claim on a direct appeal in the underlying civil suit.

¶7 Next, Gold raises a number of objections concerning procedural aspects of the case. First, he notes that the District Court granted defense counsel's request for an extension of time to file a response brief without Gold's approval or allowing Gold to respond to the request. The State, however, argues that the court's ruling was proper based on Rule 3 of the Uniform District Court Rules (Title 25, chapter 19, MCA). Second, Gold contends that the court erred by not addressing his "oath of office" claim (*see* Article III, Section 3), but the State responds that the court effectively disposed of this claim when it concluded that the Legislature and the Governor both enjoyed statutory immunity. Lastly, Gold claims the District Court's Order and Memorandum is deficient because it does not recite "Findings of Fact" and "Conclusions of Law" and because it contains insufficient constitutional analysis. However, his assertions in this regard are themselves deficient in that they lack substantive analysis and supporting authority.

¶8 Gold's remaining arguments involve the merits of his constitutional claims. He asserts that the "political reality" of 2010 is that indigent individuals in Montana cannot obtain legal counsel for civil complaints involving guaranteed fundamental rights. He

4

contends that the Montana Public Defender Act unlawfully discriminates in allowing counsel for certain civil cases but denying it for all others—in particular, by denying it in cases involving fundamental rights. Citing the specially concurring opinion in *Kloss v. Edward D. Jones & Co.*, 2002 MT 129, ¶ 58, 310 Mont. 123, 54 P.3d 1, Gold points out that constitutional rights that cannot be enforced are illusory. He argues that the rights to equal protection of the laws and equal access to justice should work together to prevent discrimination against the poor in Montana's justice system. But he contends that this presently is not the case and that indigent persons against whom the State has allegedly discriminated are denied the assistance of counsel in prosecuting these offenses. In support of his arguments, Gold quotes at some length from the 1972 Constitutional Convention transcripts and the specially concurring opinion in *Dorwart v. Caraway*, 2002 MT 240, ¶¶ 79-98, 312 Mont. 1, 58 P.3d 128, and he cites various other cases from this Court and the United States Supreme Court.

¶9     The State, in turn, argues that if this Court reaches the substance of Gold's constitutional claims, the defendants were entitled to summary judgment on each one. The State provides separate analyses respecting procedural due process (Article II, Section 17), access to the courts (Article II, Section 16), the right to defend property rights (Article II, Section 3), equal protection (Article II, Section 4), substantive due process (Article II, Section 17), and the oath of office (Article III, Section 3).

¶10     Having considered the briefs and the record, we conclude that Gold has failed to refute the State's arguments that the Legislature and the Governor are statutorily immune from suit on Gold's claims. We further conclude that while Gold, as a self-represented

litigant, has made a genuine effort to research and develop his constitutional arguments on appeal, his claims nevertheless have not been sufficiently presented and argued so as to permit this Court to decide them on the merits. We acknowledge the irony of the situation—the Catch-22 in which Gold finds himself—namely, that the fact his claims have not been adequately presented is itself reflective of the very claims he is attempting to present: that as an indigent citizen, he requires the assistance of counsel to vindicate his constitutional civil rights. Nevertheless, this Court simply cannot decide a question of such significant import on the basis of the current briefing. Moreover, even setting aside this aspect of the case, the record presently before this Court is wholly inadequate for purposes of deciding such a claim. *Cf. Brady v. PPL Montana, LLC*, 2008 MT 177, ¶ 5, 343 Mont. 405, 185 P.3d 330 (refusing to address constitutional issues "in a relative vacuum").

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. For the foregoing reasons, we affirm the District Court's November 17, 2009 Order and Memorandum.

¶12 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER